UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM R. SEIKALY,

      Plaintiff,

                                      Civil Case No. 17-12167
v.                                     Honorable Linda V. Parker

BLACK SHOPPING CHANNEL, INC.

      Defendant.
_____/

# **OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT**

On July 5, 2017, Plaintiff filed this lawsuit to collect a debt Defendant owed to him. Defendant waived service of the Summons and Complaint (*see* ECF No. 3), but then never responded to the action. Plaintiff therefore moved for and obtained a Clerk's Entry of Default on November 9, 2017, and a default judgment on January 26, 2018. (ECF Nos. 6, 12.) Presently before the Court is Plaintiff's "Motion to Amend Judgment Due to Clerical Error, Pursuant to Federal Rule of Civil Procedure 60(a), for Appointment of a Receiver and to Enjoin Defendant from Transferring Any Assets, Both Pursuant to 28 U.S.C. § 754 and MCL 660.6104." (ECF No. 22.)

In his pending motion, Plaintiff first contends that the Court made a clerical error when entering the Judgment by failing to include reasonable attorney fees.

The Judgment, however, in fact includes the exact amount of attorney's fees Plaintiff requested in his motion for default judgment. More to the point, in his motion for default judgment, Plaintiff requested a judgment "in the amount of $155,000.00, for attorney fees and costs incurred as of this date in the amount of $1,500, for a total of $156,500.00." (Pl.'s Mot. ¶ 18, ECF No. 7 at Pg ID 36.) The Judgment entered by the Court on January 26, 2018 awarded Plaintiff this exact total (with interest). (ECF No. 12.) There is no "clerical" or other error.

Plaintiff next asks the Court in his pending motion to appoint a receiver to operate Defendant's business for the benefit of creditors and to enjoin Defendant from transferring any and all of its assets. As a basis for this relief now sought, Plaintiff cites Michigan Compiled Laws Section 600.6104 and 28 U.S.C. § 754.

Rule 69 of the Federal Rules of Civil Procedure requires this Court to use Michigan's procedures for ensuring the execution of its judgments. Fed. R. Civ. P. 69(a)(1). Michigan law grants a court broad authority to issue orders necessary for the enforcement of its judgments:

> After judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding:
>
> (1) Compel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him;
>
> (2) Prevent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor;

> (3) Order the satisfaction of the judgment out of property, money, or other things in action, liquidated or unliquidated, not exempt from execution;
>
> (4) Appoint a receiver of any property the judgment debtor has or may thereafter acquire; and
>
> (5) Make any order as within his discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

Mich. Comp. Laws § 600.6104. Plaintiff, however, presents no convincing argument as to why the relief now requested under this provision is necessary for the enforcement of the Judgment.

Plaintiff fails to demonstrate that it has unsuccessfully attempted other means to identify and secure Defendant's assets. Plaintiff offers no evidence to suggest that Defendant is attempting to conceal or diminish its assets. Moreover, and perhaps more importantly, because Defendant is a Florida corporation and there is no indication that it holds assets in Michigan, the Court believes any attempt by Plaintiff to appoint a receiver or to secure Defendant's assets to satisfy the Judgment should be pursued in a Florida court having jurisdiction over the

corporation and presumably its assets.[1]  *See* 28 U.S.C. § 1963 (providing mechanism for registering judgments for enforcement in other districts).

In short, Plaintiff identifies no error (clerical or otherwise) in the Judgment requiring its amendment.  Further, Plaintiff fails to convince the Court that the relief sought is necessary to aid him in his enforcement of the Judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion to Amend Judgment Due to Clerical Error, Pursuant to Federal Rule of Civil Procedure 60(a), for Appointment of Receiver and to Enjoin Defendant from Transferring Any Assets, Both Pursuant to 28 U.S.C. § 754 and MCL 600.6104" (ECF No. 22) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 30, 2018

---

[1] Pursuant to 28 U.S.C. § 754, a receiver appointed under the statute would still be required to file an action in a Florida court to secure property located there to satisfy the Judgment.  As the statute reads:

> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 30, 2018, by electronic and/or U.S. First Class mail.

                                                    s/ R. Loury
                                                    Case Manager